NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOCHA DEHE WINTUN NATION; et al., | No. 19-16384 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-00025-JAM-AC |
| v. | |
| GAVIN NEWSOM, Governor of the State of California; STATE OF CALIFORNIA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 20, 2020
San Francisco, California

Before:  NGUYEN, HURWITZ, and BRESS, Circuit Judges.

The Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701 *et seq.*, allows tribes to offer gaming in Indian country.  Class III gaming, consisting of the types of "high-stakes games usually associated with Nevada-style gambling," is permitted pursuant to a compact with the state encompassing the tribe's territory.  *In re Indian Gaming Related Cases*, 331 F.3d 1094, 1097 (9th Cir. 2003); *see* 25 U.S.C.

---

         *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 2710(d). "[G]eneral principles of contract interpretation" apply to compacts. *Idaho v. Shoshone-Bannock Tribes*, 465 F.3d 1095, 1098 (9th Cir. 2006); *see also Texas v. New Mexico*, 482 U.S. 124, 128 (1987) (stating that a compact, like a contract, is "construed and applied in accordance with its terms").

This action by the Yocha Dehe Wintun Nation, the Viejas Band of Kumeyaay Indians, and the Sycuan Band of the Kumeyaay Nation (collectively, the "Tribes") against the State of California alleges breaches of gaming compacts that purportedly grant the Tribes exclusive rights to operate banked card games.[1] The Tribes allege the State has violated the compacts, its duty of good faith and fair dealing, and article IV, section 19(f) of the California Constitution ("Proposition 1A"), by failing to prevent non-Indian cardrooms from also conducting banked card games. The Tribes seek an injunction directing the State to enforce its laws and specific performance of the purported compact obligations.

The district court granted the State's motion to dismiss for failure to state a claim. Reviewing de novo, *see Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 487 (9th Cir. 2019), we affirm.

The State contends that the compacts merely recognize, but do not grant, the

---

[1] "A card game is 'banked' if a gaming operator participates in the game . . . and acts as a house bank, paying all winners and retaining all other players' losses." *Rumsey Indian Rancheria of Wintun Indians v. Wilson*, 64 F.3d 1250, 1255 n.2 (9th Cir. 1994), *amended on denial of reh'g*, 99 F.3d 321 (9th Cir. 1996). IGRA classifies banked card games as Class III gaming. *See* 25 U.S.C. § 2703(7)(B)(i), (8).

Tribes' exclusive rights under Proposition 1A to operate legal banked card games. *See Rincon Band of Luiseno Mission Indians of Rincon Rsrv. v. Schwarzenegger*, 602 F.3d 1019, 1037 (9th Cir. 2010) (noting that tribal gaming exclusivity is a "matter of state constitutional law"). The Tribes argue that through the compacts' preambles and purposes and objectives clauses, the State promised to enforce the Tribes' exclusivity.

We need not today decide whether exclusivity is a compact term. Even assuming that it is, the remedy the Tribes seek, an injunction requiring the State to enforce its laws against non-Indian cardrooms that allegedly operate illegal banked card games, cannot be granted. Nothing in the compacts purports to impose on the State the obligation to enforce its laws against non-Indian cardrooms, and nothing in the contracts suggests the Tribes may seek that remedy based on an alleged breach of any exclusivity guarantee. We would also be reluctant to read such an extraordinary remedy into the compacts because California law does not permit the State to "contract away its right to exercise the police power." *Summit Media LLC v. City of Los Angeles*, 211 Cal. App. 4th 921, 934 (2012); *see also Cotta v. City & County of San Francisco*, 157 Cal. App. 4th 1550, 1564 (2007) (holding that a city may not be "put to the choice between" exercising its police power and exposing itself to a breach of contract). Nothing in the compacts suggests we can order the State to turn its law enforcement priorities towards certain lawbreakers, as individual

3

law enforcement decisions are "particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985).

**AFFIRMED.**[2]

---

[2] The State's request for judicial notice is **denied**.